El Pueblo de Puerto Rico, demandante apelado, *v.* Gabriel T. Guijarro y Luisa Brunet de Guijarro, demandados; Angel Luis López, interventor y apelante.

Núm. 9456.—*Sometido:* Enero 14, 1947. *Resuelto:* Enero 29, 1947.

*Gustavo Cruzado Silva,* abogado del interventor apelante; *Hon. Procurador General Interino, Luis Negrón Fernández y J. Pérez Almiroty,* abogados del apelado; *Gabriel Guerra Mondragón, José Vila Ruiz y Antonio M. Bird,* abogados de la Autoridad de Fuentes Fluviales.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El Pueblo de Puerto Rico solicita la desestimación de este recurso por ser frívolo. El interventor apelante no ha radicado oposición a la moción. Los hechos son los siguientes:

El 15 de julio de 1946 el Tribunal de Distrito de San Juan dictó sentencia contra los demandados Gabriel T. Guijarro y Luisa Brunet de Guijarro en procedimiento sobre expropiación forzosa, en virtud de estipulación de las partes, habiendo renunciado los demandados al derecho de establecer apelación quedando, por tanto, firme la sentencia desde dicha fecha.

El 4 de noviembre de 1946 el demandante radicó en la corte inferior una moción sobre entrega de la posesión material de la propiedad expropiada por parte de ciertas personas que la ocupaban detentando la propiedad y la corte los citó y fueron oídos el 22 del mismo mes y año. En dicho día compareció Angel Luis López y alegó que venía ocupando un local en parte de la finca expropiada con un estableci-

miento comercial a virtud de contrato de arrendamiento con el anterior dueño el cual fué renovado por la Autoridad de Fuentes Fluviales, a beneficio de quien el demandante expropió la propiedad, habiendo satisfecho el canon de $35 mensuales a dicha Autoridad y que existiendo la relación de arrendador y arrendatario entre ellos sólo por el procedimiento de desahucio podía ser lanzado de la propiedad; que como cuestión de justicia y de la discreción que por ley tiene la corte se le concediera un tiempo razonable, a ser posible seis meses, antes de ordenar su lanzamiento.

La corte, oídas las partes, dictó el 22 de noviembre una orden concediendo, tanto a López como a las demás personas citadas, un plazo de dos meses para desalojar los locales que ocupaban, previniéndolas que de no hacerlo se ordenaría su lanzamiento. Contra esa orden fué que López interpuso el recurso de apelación cuya desestimación solicita el demandante.

El último párrafo de la sección 5(a) de la Ley sobre Expropiación Forzosa, según quedó enmendada por la Ley núm. 19 aprobada el 30 de noviembre de 1942 ((2) pág. 83), dispone lo siguiente:

"Disponiéndose, que ningún recurso de apelación en una causa de esta naturaleza, ni ninguna fianza o garantía que pudiere prestarse en la misma, podrá tener el efecto de evitar o demorar la adquisición o investidura del título de las propiedades por y en El Pueblo de Puerto Rico, en la correspondiente Autoridad de Hogares, municipio o Gobierno de la Capital, según fuere el caso, y su entrega material al mismo o a la misma."

El párrafo cuarto de la misma sección 5(a), supra, dispone que:

"Una vez radicada la petición de adquisición, la corte tendrá facultad para fijar el término dentro del cual y las condiciones bajo las cuales las personas naturales o jurídicas que están en posesión de las propiedades objeto del procedimiento deberán entregar la posesión material al *expropiante*. La corte tendrá facultad para dictar las

órdenes que fueren justas y equitativas en relación con los graváme-
nes y otras cargas, que pesen sobre las propiedades, si algunos hu-
biere.''

En el caso de autos la corte inferior, después de oír a
las partes dictó la orden recurrida, en la cual fijó el término
dentro del cual y las condiciones bajo las cuales las personas
que estaban en posesión de la propiedad expropiada debían
entregar la posesión material al apelado. Es cierto que en
dicha orden no se resuelve expresamente la alegación del
apelante de que la Autoridad de Fuentes Fluviales renovó
el contrato de arrendamiento con él, pero debemos deducir
que, implícitamente, la desestimó al limitarse a fijar el tér-
mino razonable solicitado por el apelante. Si lo hizo des-
pués de apreciar la prueba que presentaron las partes no
lo sabemos, ya que el apelado no nos ha puesto en condicio-
nes de poder determinarla radicando copia de la transcrip-
ción de evidencia si la hubo. Tampoco aparece de los do-
cumentos presentados por el apelado que no se practicó
prueba por las partes.

Si bien de acuerdo con el disponiéndose citado anterior-
mente, ningún recurso de apelación en estos casos puede tener
el efecto de evitar o demorar la entrega material de la pro-
piedad adquirida por el apelado, no estamos en condiciones
de poder resolver que el recurso establecido en este caso por
López sea claramente frívolo y, en su consecuencia, *no ha
lugar a la desestimación solicitada.*