ANGEL LUIS LÓPEZ, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, etc., demandado; EL PUEBLO DE PUERTO RICO, interventor.

Núm. 1692.—*Sometido:* Abril 1, 1947. *Resuelto:* Abril 11, 1947.

*G. Cruzado Silva,* abogado del peticionario; *Hon. Procurador General Interino Luis Negrón Fernández y Carlos Santana Becerra, Procurador General Auxiliar,* abogados de El Pueblo, interventor, demandante en el pleito principal; *Gabriel Guerra-Mondragón, José Vila Ruiz y Antonio M. Bird,* abogados éstos de la Autoridad de Fuentes Fluviales.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

· El Pueblo de Puerto Rico radicó en representación de la Autoridad de Fuentes Fluviales un pleito para expropiar ciertos bienes inmuebles. Junto con la demanda se radicó una declaración de adquisición, y el 16 de mayo de 1946 la corte de distrito dictó resolución invistiendo el título en El Pueblo de Puerto Rico y concediendo a los demandados treinta días para entregar la posesión de la propiedad. Las partes estipularon (a) en cuanto al importe de la indemnización y (b) en cuanto a fijar el 15 de julio como la fecha en que los demandados entregarían la posesión. La corte dictó de conformidad sentencia final el 15 de julio.

Angel Luis López, peticionario en este recurso, había estado ocupando parte de la propiedad como inquilino de uno de los demandados. El 22 de julio la Autoridad le escribió al peticionario en el sentido de que había adquirido la propiedad mediante expropiación y que la necesitaba urgentemente; sin embargo, para ocasionarle la menor inconveniencia posible, la Autoridad le concedería hasta el 31 de agosto para desalojar el local, y que desde el 15 de julio hasta que lo desalojase, debería pagar a la Autoridad el canon del mismo. Más tarde, el 10 de septiembre, a solicitud del abogado del peticionario, la Autoridad le concedió una prórroga de dos meses para desalojar el local.

No habiendo el peticionario desalojado el local al vencer el 4 de noviembre el término que tenía para ello, El Pueblo radicó una moción, dentro del procedimiento de expropiación, solicitando una orden para lanzar al peticionario. Se opuso éste por el fundamento de que la aceptación por la Autoridad del canon de arrendamiento suyo creó entre ellos la relación de arrendador y arrendatario y por tanto que no se podía lanzar al peticionario dentro del procedimiento de expropiación forzosa, sino sólo por medio de una acción de desahucio independiente. El 22 de noviembre la corte infe-

rior oyó la moción, declaró sin lugar la contención del peticionario y le ordenó que desocupara el local en el término de dos meses. No habiéndose ido el peticionario el 24 de enero de 1947, la corte de distrito, a moción de la Autoridad, dictó una resolución ordenando su inmediato lanzamiento. El 11 de febrero de 1947 la corte inferior desestimó la moción de reconsideración del peticionario. Expedimos el auto de *certiorari* solicitado por López para determinar si la corte inferior estaba autorizada para lanzarlo dentro del recurso de expropiación forzosa en vez de exigir de El Pueblo la radicación de una acción de desahucio independiente.

La sección 5(*a*) de nuestra Ley sobre Expropiación Forzosa, según fué enmendada por la sección 3 de la Ley núm. 19, Leyes de Puerto Rico, 1942, Tercera Sesión Extraordinaria (pág. 83), dispone lo siguiente:

"  *       *       *       *       *       *       *

"Una vez radicada la petición de adquisición, la corte tendrá facultad para fijar el término dentro del cual y las condiciones bajo las cuales las personas naturales o jurídicas que están en posesión de las propiedades objeto del procedimiento deberán entregar la posesión material al *expropiante*. La corte tendrá facultad para dictar las órdenes que fueren justas y equitativas en relación con los gravámenes y otras cargas, que pesen sobre las propiedades, si algunos hubiere.

"  *       *       *       *       *       *       * "

Ésta claramente confiere facultad a la corte de distrito para fijar (1) el período dentro del cual los ocupantes deben desalojar los locales, y (2) la cantidad que deben pagar al Estado por su uso desde la fecha en que el Estado se convirtió en dueño de los mismos hasta la fecha en que los desocupen. El hecho de que la Ley Federal, 40 U.S.C.A., Sec. 258*a*, de la cual se calcó sustancialmente nuestra Ley, incluya específicamente la facultad de fijar la renta, no tiene significación en este punto. El alcance de nuestra Ley es suficientemente amplio para cubrir la situación ante nuestra consideración sin necesidad de facultad tan específica.

■ Después de dictarse sentencia final, el caso de expropiación forzosa no se había concluído aún: la corte a tenor con la sección 5(a) estaba facultada a conferirle a El Pueblo la posesión, y para fijar la justa compensación que los ocupantes debían satisfacer por el uso de las propiedades hasta que las desalojaran. En vez de traer ante la consideración de la corte este asunto, las partes se pusieron de acuerdo sobre ambos extremos: (1) la fecha en que la propiedad debería ser desocupada; y (2) la compensación por su uso durante ese tiempo. Pero meramente porque El Pueblo no obtuvo de la corte una orden a tal efecto no cambiaron las relaciones entre las partes. Únicamente habría sido necesaria la orden si las partes hubieran estado en desacuerdo. Su convenio ocupó el lugar de la orden y estaba por tanto relacionado con y en virtud del procedimiento de expropiación forzosa, que permaneció abierto hasta tanto El Pueblo tomara posesión de la **propiedad.**

. Si el inquilino no paga canon y rehusa mudarse de una propiedad expropiada, ciertamente no puede alegarse que su lanzamiento debe regirse por un recurso de desahucio en vez de dentro de la expropiación forzosa. El hecho de que se exija del inquilino el pago de canon durante este período —y ciertamente él no debe tener derecho a disfrutar de la propiedad gratis—no altera su *status*. En este caso la Autoridad ejerció cuidado desde el comienzo para recalcar que ella no estaba arrendando la propiedad y que sí únicamente estaba permitiendo que el peticionario permaneciera en la misma hasta que pudiera abandonarla convenientemente. A moción de El Pueblo la corte habría dictado una orden al mismo efecto, incluyendo un requisito para que el peticionario pagara por tal uso de la propiedad. El hecho de que las partes llegaran a un acuerdo y que por tanto fuera innecesaria una orden de la corte, no cambia la naturaleza de sus relaciones. El canon no fué para el uso bajo un contrato de arrendamiento, pero sí solamente para compensar

a El Pueblo por el uso de la propiedad mientras éste esperaba por su entrega dentro del procedimiento de expropiación.

En vista de lo anteriormente expuesto, El Pueblo no tenía la obligación de entablar un recurso independiente de desahucio para lanzar al peticionario, y fué correcto el que la corte inferior declarara con lugar la moción de El Pueblo dentro del procedimiento de expropiación forzosa ordenando al peticionario que desalojara el local.[1]

*Se anulará el auto expedido.*

---

[1] Recientemente resolvimos que el recurso de apelación radicado por el peticionario contra la resolución del 22 de noviembre no era frívolo. *Pueblo* v. *Guijarro, et al.,* 66 D.P.R. 887, resuelto en 29 de enero de 1947. Sin embargo, como dicha apelación envuelve la misma cuestión legal de que se trata en este recurso de certiorari, resulta ahora académica y se desestimará a menos que el peticionario radique, dentro de cinco días, una moción que nos convenza de que no debemos actuar en tal forma.